

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable E. O. Garvey
County Auditor
Bexar County
San Antonio, Texas

Dear Sir:

Opinion No. 0-6463
Re: Whether the salary of an
Assistant Custodian and
Inventory Clerk can be
paid from the General Fund
of the County.

Your letter of March 6, 1945, requesting the opinion
of this Department on the question stated therein, is in part,
as follows:

"Please furnish me with an opinion on the
following matter.

"The General Fund Court House pay roll covers
salaries for employees whose services are rendered
pertaining to the operation of the Court House and
the titles of these employees are such as Building
Superintendent, Elevator Operators, Janitors, etc.

"The Commissioners' Court employed and placed
on the Court House pay roll an employee giving him
the title as Assistant Custodian and Inventory Clerk.
If this Clerk renders his services in the Commission-
er's Precincts taking their inventory or at other
County Institutions taking inventory and is not ren-
dering service pertaining to the Court House, can his
salary be legally paid from the General Fund Court
House pay roll?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. E. O. Garvey, Page 2

Generally speaking, the County Commissioners' Court is the active governing body of the County, with a jurisdiction that touches in some respects almost every feature of the county's business, and the Court has full and general charge of the business affairs of the County. (Ehlinger v. Clark, 8 S. W. (2d) 666; Gusset v. Nueces County, 235 S. W. 857; Tex. Jur., Vol. 11, P. 466). The term "county business" should be given a broad and liberal construction so as not to defeat the purpose of the law. And it is held that the Commissioners' Court has implied authority to do what may be necessary in the exercise of the duties or powers conferred upon them. (City National Bank v. Presidio County, 26 S. W. 775; Glenn v. Dallas County Bois d'Arc Island Levee District, 275 S. W. 137).

The law is well settled with reference to the authority of the Commissioners' Court, as stated in Texas Jurisprudence, Vol. 11, P. 564:

"Commissioners' Courts are courts of limited jurisdiction, in that their authority extends only to matters pertaining to the general welfare of their respective counties and that their powers are only those expressly or impliedly conferred upon them by law, -- that is, by the constitution and statutes of the state."

For the purposes of this opinion, we assume, that the Commissioners' Court employed the person mentioned to perform certain duties in connection with the business affairs of the County. We understand your question to be: Can the salary of the "Assistant Custodian And Inventory Clerk" be legally paid from the General Fund of the County?

The Supreme Court stated, among other things, in the case of Bexar County et al v. Mann, 157 S. W. (2d) 134:

"All county expenditures lawfully authorized to be made by a county must be paid out of the county's general fund unless there is some law which makes such expenditures a charge against a special fund."

We know of no law making the above mentioned expenditures a charge against a special fund. Therefore, it is our opinion that the salary of the above mentioned employee must be paid from the General Fund of the County.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

APPROVED
OPINION
COMMITTEE
BWB
BY CHAIRMAN